By the Court.

In this case, the plaintiff and appellant having obtained a judgment against several persons, as stated in his petition, caused execution to issue in the usual form prescribed bylaw. The writ was put into the hands of the defendant and appellee, who is- Sheriff of the Parish of St. Landry and who, in addition to what ⅛ required of him in the process, was particularly instructed by the counsel of the plaintiff, to levy on the personal estates of the defendants. and particularly not to take under the execution waste «and uncultivated lands.
. It is admitted by the statement of facts that the defendant had sufficient personal property, to satisfy the execution at the time it came into the hands of the Sheriff, but that contrary to what was required of him, by the express words of the writ, and in violation of the instruction of the plaintiff’s counsel, he did seize waste land, with the exception of three town lots, sold at a year’s credit.
The present action is brought against the Sheriff to recover the whole amount of the judgment obtained by the appellant against^the defendants in the original suit, on which the execution issued and was acted on as above stated-
*475 lar the investigation of this cause, three pririci-pal questions occur. ’
1. Wh e n a defendant in execution possesses a sufficient quantity of personal property to satisfy the judgment against him, is the Sheriff bound indispensably to seize such property, or may the defendant wave his privilege, if it may be so called, of having his personal estate sold and offer real property, to be executed ?
2. In default of personal property, is it left to the choice of the defendant to point out what part of his real estate shall be seized, or can the plaintiff direct the manner of proceeding on the execution ?
3. If the Sheriff, as in the present case, neglects to pursue his duty by levying on the personál estate, as commanded by the writ, but seizés real property and proceeds on such seizure as required by law, to J:he final disposition of it on said writ without opposition, can he be made answerable in an action for the whole amount of the fexecutiori ?
I.As to the first point, there can be no doubt of the Sheriff being bound to seize the personal estate of the debtor. This is expressly required by law and is positively commanded by the writ. In opposition to this it is contended, that the reason of the law is founded on a respect' to the situation of debtors and that its intention is to prevent an oppressive use of executions on defeifc.. *476 dants, or in other words that it is a rule made For , . thpir benefit and that on general principles of law, everyone may wave privileges and dispense with regulations, intended solely for his advantage. 'phis perhaps is true, but the exercise of such rights can only be tolerated by courts of justice, when in their operation, they do no injury to other persons ; and, under the existing circumstances of our laws, it is clear that the plaintiff may be injured by adelay in the recovery of his debt, if the Sheriff should be bound to execute real estate,' instead of personal, at the recjuest of the defendant. The former species of property particularly land may and generally is sold on a year’s credit in addition to the great delay necessarily created ,by law, in requiring real property to be advertised for a much longer time than personal.
The rules of the Spanish law are conformable to the provisions of the act of the legislative council in requiring personal property to be first seized in execution, and real estate only to be executed in default of these, and in those laws we find'it expressly stated, that altho’ the defendant has the privilege of shewing the property, he cannot, having personal estate, point out real, for execution. Curia Philipica 11 P. Juicio executivo, title Execution, no. 3.
II. The second question arising in this case seems to be settled by the same authority. In no. *1, *477 the author treating of the same subject, lays it ° J , . r down as a rule of law, generally understood that the debtor has to name the goods to be executed, and that, if he will not point out his property for execution it was considered by some authors that he should be arrested and compelled to do it, but the practice appears to be that the debtor should be required to name the property, and on his refusal so to do, or should he name an insufficient quantity, the creditor may point it out or the Sheriff seize at discretion. This manner of proceeding has nothing unreasonable in, it and can do no injury to the creditor or plaintiff in execution, where the property is sold for ready money: for certainly to him, it is a matter of no consequence on the sale of what property he obtains payment of'his debt, provided if is effected in a reasonable time. Bijt it is said, and with truth, that under the existing laws of the state, and in'the present situation of the country, .the inhabitants holding vast quantities of waste and uncultivated land; which will not sell for ready money, to permit the defendant in execution to point out the property to be levied on amounts almost to a prohibition on the part of the plaintiff of ever being able to recover his debt: as this species of property will always be named by the debtor and by the sale of it the Sheriff will never be able to raise money. This certainly is a great evil, which has its origin in the'act of our legislature requiring the sale of real *478 estáte at a year’s credit, in, cases where it' will not , , • “ . . . T . produce two thirds or its appraised value. It is however ah evil, which in our1 opinion can oñly be remedied by legislative interference.. There is nothing found in the laws, made by our legislature, which does repeal or destroy the operation of the former laws of the country on this subject. Unless we consider as such the inconveniences arising from the new and additional regulations, which would be to carry the doctrine of abrogation to, length, never heretofore heard of, and in violation of all legal constructions. On this head, it is therefore the opinion of this Court that the manner of proceeding on executions where it is not otherwise provided for by laws since enacted, must be according to the provisions of the former laws of the country, by which it seems that the defendant has the right or is bound to name the property to be executed, whether personal or real.
III. The Sheriff is not answerable in the present suit for the whole amount of the judgment obtained against the defendant in the original action.
It is a maxim of law that there can exist no wrong without a remedy : ,yet redress in damages ought in all cases to be proportioned to the injury sustained, unless in cases where they are given as an example to deter from similar conduct in future, which is really punishing men for their bad intentions.
*479 The Sheriff, in the case before the Court, has failed in the proper discharge of his duty by levying on real estate, while the defendant possessed sufficient personal property to satisfy the execution : and altho’ there are circumstauces which have a tendency to shew that his conduct has not proceeded from the best motives on his part, yet he may have conceived that the defendants in execution liad a right to wave the laws requiring 'the seizure of personal estate, if to be had, and offer in its place real property ; and can now only be made answerable in damages, to the plaintiff in execution for the injury which he has actually suffered. Nothing has been shewn to the Court by which the amount of damages may be fairly ascertained. It cannot be the sum recovered by the appellant against the defendant in his former suit ; because he has had the full benefit of his execution by a levy on lands, which he has suffered to proceed, without any kind of opposition, to a sale and transfer as required by law. This we say he has permitted ; because according to' the Spanish latvs / on the subject he might have caused the execution, When he discovered the Sheriff proceeded irregularly and contrary to law, to be annulled and quashed on application to the District Court, and ,on a new execution the Sheriff would have been compelled to proceed legally. Curia Philipica, 93, title Execution, no. 4. And altho’by this law it does appear that the execution is null and *480 void, as having been executed contrary to its intent and form, yet as the Sheriff has been suffered to proceed on it, until third persons may have become interested by sales under it, the party would nów be too late, to proceed in any way" to have it annulled. Under the circumstances of this case the only injury which the appellant suffers by the conduct of the Sheriff is a greater delay in recovering the money on his execution and perhaps judgment might regularly be.given in his favour for the interest of the money during the period of-delay ; but this would be allowing him. to recover twice on the same cause of action, as this interest will be obtained, or ought to be, at the expiration of the year, the term of credit on which the property has been sold. Thus were we to given judgment for the whole amount of the judgment on which the execution issued, it would be according to the appellant a double remedy by enabling him to recover by means of the mortgage and security procured on the execution and also the same amount in damages against the Sheriff; this certainly cannot be just or legal. The appellant having neglected to arrest the illegal proceeding of the Sheriff on the execution and have.it annulled and not" having shewn any particular damage, occasioned by his conduct,
It is ordered and adjudged that the judgment of.the District Court be affirmed with costs.